1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DeWAYNE THOMPSON, | | No. CIV S-09-3478-CMK-P |
| | Plaintiff, | |
| | vs. | ORDER |
| CHRIS MAUCK, et al., | | |
| | Defendants. | |
| _____/ | | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's response to the court's May 4, 2010, order to show cause.

In the order to show cause, the court stated:

> Plaintiff 's complaint raises issues with disparate treatment he claims he received from various prison staff for complaining about the use of racial epithets. He claims defendant Mauck used the word "nigger" either to or around him. When he complained of the use of that language, defendant Mauck discriminated against him by changing his job in the canteen. He then filed a grievance and defendant Thompson changed his job assignment again. He alleges these two defendants violated his Equal Protection rights as he was treated differently because of his

1

race. The undersigned finds service appropriate for these two defendants, as addressed by separate order.

Plaintiff also alleges deficiencies in the inmate grievance process. He claims defendant Statti screened out his appeal despite Plaintiff informing him of defendant Thompson's misconduct. He also alleges defendant Mauck harassed him by using racial epithets, and that the Director of Corrections, later identified as Timothy Lockwood, is liable for the operation of an inadequate appeal system.

<u>Appeals Process</u>

Prisoners have no stand-alone due process rights related to the administrative grievance process. See <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988); see also <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion. See <u>Smith v. Calderon</u>, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); <u>Cage v. Cambra</u>, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); <u>James v. U.S. Marshal's Service</u>, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); <u>Murray v. Marshall</u>, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983). Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process. See <u>Bradley v. Hall</u>, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment.

Accordingly, Plaintiff is unable to state a claim against either defendant Statti or Lockwood based on an alleged broken grievance process.

<u>Harassment</u>

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993); <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." <u>Estelle v. Gamble</u>, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107

(9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id. Allegations of verbal harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to . . . cause [the prisoner] psychological damage." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

Plaintiff's allegations that defendant Mauck used racial epithets on one occasion, and could not guarantee that he would not use the same slurs on some other occasion is insufficient to state a claim under the Eighth Amendment. There is no indication that the slurs were used in an attempt to cause Plaintiff psychological damage.

### Supervisory Liability

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S. Ct. at 1948.

The only allegations made toward defendant Lockwood is in his capacity as Director. This is insufficient as Plaintiff does not claim that defendant Lockwood participated personally in any violation of his constitutional rights.

/ / /

/ / /

3

In his response, Plaintiff reiterates his claims, but fails to set forth any reason the claims for harassment and a deficient appeals process should not be dismissed.  He continues to allege the same facts as set forth in his complaint, that defendant Lockwood is responsible for a broken inmate appeals process, defendant Statti improperly screened out his grievance, and defendant Mauck used vulgar language toward him.  As set forth above, these allegations are insufficient to state a claim for violating Plaintiff's constitutional rights.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claims for harassment against defendant Mauck, and all claims against defendants Statti and Lockwood are dismissed for failure to state a claim upon which relief can be granted;

2. Defendant Statti and Lockwood are dismissed from this action; and

3. This case will proceed on Plaintiff's other claims against defendants Mauck and Thompson.

DATED: October 20, 2010

／s／ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE