.

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DeWAYNE THOMPSON,                    No. CIV S-09-3478-JAM-CMK P

12              Plaintiff,

13         vs.

14    CHRIS MAUCK, et al.,                 ORDER SETTING
                                           SETTLEMENT CONFERENCE
15              Defendants.
                                           April 4, 2013, 1:00 p.m.
16    _____/

17         Plaintiff is a state prisoner proceeding pro se in a civil rights pursuant to 42 U.S.C. §

18    1983.  The court has determined that this case will benefit from a settlement conference;

19    therefore, this case has been selected by the court for inclusion in the Prisoner Settlement

20    Program. This case will be referred to Magistrate Judge Kendall J. Newman to conduct a

21    settlement conference at the U. S. District Court, 501 I Street, Sacramento, California 95814 in

22    Courtroom #25 on April 4, 2013 at 1:00 p.m.  Plaintiff is to participate by video conference from

23    the institution.  A separate writ of habeas corpus ad testificandum will issue forthwith.

24         In accordance with the above, IT IS HEREBY ORDERED that:

25         1.  This case is set for a settlement conference before Magistrate Judge Kendall J.

26    Newman on April 4, 2013, at 1:00 p.m. at the U. S. District Court, 501 I Street, Sacramento,

California 95814 in Courtroom #25.

     2.  A representative with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

     3.  Those in attendance must be prepared to discuss the claims, defenses and damages.  The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.

     4.  Judge Newman or another representative from the court will be contacting the parties either by telephone or in person, approximately one week prior to the settlement conference to ascertain each party's expectations of the settlement conference.

DATED:  February 13, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1]The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pittman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).